BDB:JJT:nl

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 1:16-CR-00121 |
| | : | |
| v. | : | |
| | : | (CALDWELL, J.) |
| RYAN COLLINS, | : | |
| | : | |
| Defendant. | : | (ELECTRONICALLY FILED) |

GOVERNMENT'S SENTENCING MEMORANDUM

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Middle District of Pennsylvania, hereby files its Sentencing Memorandum for defendant Ryan Collins.

Defendant engaged in a sophisticated phishing scheme in which he tricked his victims into providing password information to iCloud and Gmail accounts so that he could access their personal data, including nude photographs (PSR ¶¶ 6-8). Based on log information, the government identified over 600 victims of defendant's conduct (PSR ¶ 11). Many of defendant's victims included celebrities, and 50-100 victims had at least one nude photograph stolen (PSR ¶ 8).

Defendant admitted to undertaking his hacking activity "for sexual gratification" and did not believe that what he was doing was "really that bad" (PSR ¶ 20).  Defendant's attempts to seek that sexual gratification at the expense of other women were furthermore not limited to his unauthorized access of their iCloud and Gmail accounts; defendant also ran a modeling scam in which he tricked victims into sending him nude photographs of themselves in the guise of accepting applications for modeling jobs (PSR ¶ 10).

The government stands by its agreements in the plea agreement and recommends a sentence of 18 months.

A.   <u>Advisory Sentencing Guidelines Calculations</u>

The government concurs with probation's calculation that defendant has no prior criminal history points and is in criminal history category I (PSR ¶ 35).

Pursuant to the plea agreement, the parties stipulated to the following sentencing factors:

| | | |
|---|---|---|
| Base offense level | 6 | U.S.S.G. § 2B1.1(a)(2) |
| More than 10 victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |
| Sophisticated means | +2 | U.S.S.G. § 2B1.1(b)(10)(c) |

    Hacking offense seeking
    personal information    +2    U.S.S.G. § 2B1.1(b)(2)(B)(17)(A)

These agreed upon factors are different from those calculated by probation—probation did not include an adjustment related to number of victims and instead calculated an enhancement based on loss amount. Because defendant's crime was primarily about access to victims and, to the government's best understanding, the defendant did not share or exchange the private materials he obtained, the parties opted to calculate defendant's guidelines based on number of victims rather than amount of loss. See U.S.S.G. § 2B1.1, cmt. n.4(E) (defining victim to include "any individual whose means of identification was used unlawfully or without authority). To give the defendant the benefit of his bargain, the government respectfully requests that the Court adopt the calculations of the parties.

B.    <u>Restitution</u>

A number of victims have made restitution requests. Upon further review of the case materials, the government has determined that defendant did not access the materials of E.C. (PSR ¶ 17) and C.S. (PSR ¶ 16), although those women were victims of other intrusions. Consequently, the government does not recommend a restitution award

to those individuals.  The government concurs with probation's assessment of the cognizability of the claims of the other victims described in the PSR (PSR ¶¶ 12-15).

C. <u>Sentencing Recommendation</u>

Pursuant to the Plea Agreement, the parties agreed to a joint sentencing recommendation of 18 months.  This sentence is a slight variance or departure above the guidelines.  As part of the plea, the government did not pursue any charges for aggravated identity theft under 18 U.S.C. § 1028A, although all of the victims were real individuals, which would have subjected defendant to a mandatory 2-year consecutive sentence.   Thus, an 18-month sentence is meant to balance the mitigating and aggravating factors of defendant's conduct.

Such a sentence is warranted to address the seriousness of defendant's offense, including the very large number of victims, far exceeding the threshold for which the advisory guidelines calculates an adjustment. An 18-month sentence also promotes specific and general deterrence, especially in light of defendant's multiple and varied means by which he attempted to illegally extract materials from women for his own sexual gratification.

However, the parties' stipulated sentence is also sufficient and not greater than necessary to promote the sentencing goals of 18 U.S.C. § 3553(a).  Although defendant committed a serious offense numerous times, he is a first time offender with no prior criminal history, and has already been working toward rehabilitation.  The government respectfully requests the Court impose the sentence recommended by the parties.

        Respectfully submitted,

        BRUCE D. BRANDLER
        United States Attorney

         s/ Joseph J. Terz
        Joseph J. Terz
        Assistant U.S. Attorney
        Attorney ID. No. PA 55480
        228 Walnut Street, Suite 220
        P.O. Box 11754
        Harrisburg, Pennsylvania  17108
        (717) 221-4482
        (717) 221-4493 (Facsimile)
        joseph.terz@usdoj.gov (email)

Dated:  October 12, 2016

BDB:JJT:nl

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 1:16-CR-00121 |
| | : | |
| v. | : | |
| | : | (CALDWELL, J.) |
| RYAN COLLINS, | : | |
| | : | |
| Defendant. | : | (ELECTRONICALLY FILED) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on this 12th day of October, 2016, the served a copy of the attached

## GOVERNMENT'S SENTENCING MEMORANDUM

by electronic filing to the person hereinafter named:

Casey G. Shore, Esquire
PERRY SHORE WEISENBERGER & ZEMLOCK
at cshore@gpslawfirm.com


s/ Naomi Losch
Naomi Losch
Legal Assistant